IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY TURNAGE, | : | NO. 2:06-cv-5021-JG |
|           Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| UNITED STATES ATTORNEY GENERAL, | : | |
| UNITED STATES BUREAU OF PRISONS, | : | |
| UNITED STATES MARSHAL SERVICE, | : | |
| UNITED STATES PAROLE COMMISSION, | : | |
|           Respondents | : | |

REPORT AND RECOMMENDATION

CHARLES B. SMITH
CHIEF UNITED STATES MAGISTRATE JUDGE

Currently pending before the Court is a Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. § 2241, by a prisoner incarcerated in the Federal Correction Institution at Minersville, Pennsylvania. For the reasons which follow, the Court recommends that the petition be dismissed without prejudice for lack of jurisdiction.

Under 28 U.S.C. § 2241(a), a district court only has the power to grant the writ if it has jurisdiction over the petitioner's custodian. Interpreting this statute, the United States Supreme Court, in Rumsfeld v. Padilla, 542 U.S. 426, 124 S. Ct. 2711 (2004), has dictated a simple, but overarching rule: for core habeas petitions challenging present physical confinement, jurisdiction lies only in the district of confinement.[1] Id. at 443. To hold otherwise would allow for "rampant

---

[1] The Supreme Court explained, however, that it was using word "jurisdiction" in the sense that it is used in the habeas statute . . . and not in the sense of subject-matter jurisdiction of the District Court." Padilla, 542 U.S. 434, n. 7.

forum shopping, district courts with overlapping jurisdiction, and the very inconvenience, expense, and embarrassment Congress sought to avoid when it added the jurisdictional limitation 137 years ago." Id. at 447.  Moreover, the Court noted that in such habeas challenges, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 444-445.  Combining these two principles, the Court succinctly explained that, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Id. at 447.

In the case at bar, petitioner has styled his habeas petition as a "Motion Pursuant to 2241" through which he challenges the calculation of his sentence and various other actions by the U.S. Parole Commission and the Bureau of Prisons.[2] As such, it is a "core" habeas petition challenging his present confinement.  Petitioner, however, is incarcerated in the Federal Correctional Institution in Minersville, Pennsylvania, which falls within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.  Moreover, petitioner has failed to name his immediate custodian – the Warden of F.C.I. Minersville -- as the proper respondent in a challenge to his sentence.  Under the clear dictates of Padilla, the proper venue for this case is the Middle District

---

[2] While petitioner's claims are not artfully pled, the Court gleans the following allegations: (1) the time sheet calculation/sentencing computation sheet relied upon by the Bureau of Prisons and Parole Commission in calculating petitioner's sentenced is flawed and increases his sentence beyond his originally-imposed term; (2) the U.S. Parole Commission violated its own procedure when taking petitioner into custody in December 2004 by effecting his arrest by a non-federal officer, thus rendering his federal arrest invalid; (3) petitioner was improperly denied a time credit when the Marshall's warrant application indicated an incorrect "in custody" date; (4) petitioner was improperly denied credit towards his federal sentence for time spent in state confinement that was exclusively the product of action by federal law enforcement officials; (5) the Parole Commission hearing examiner failed to respond to objections raised by petitioner and failed to investigate inconsistencies in the record, in violation of its own procedures and petitioner's due process rights; (6) the parole revocation hearing violated petitioner's due process rights in light of petitioner's absence from the hearing; and (7) unreasonable delay in conducting his parole revocation hearing, resulting in loss of credit for time spent in custody.

of Pennsylvania, which houses both petitioner and the Warden.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . could have been brought at the time it was filed." 28 U.S.C. § 1631.  Likewise, under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

In this case, however, the interests of justice would not be served by transferring the action. "Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).  Thus, a person is not entitled to judicial relief until the prescribed administrative remedies have been fully exhausted. McKart v. United States, 395 U.S. 185, 193-194, 89 S. Ct. 1657, 1662-1663 (1969).  Petitioner has not pursued any of his administrative remedies.[3]  Indeed, as indicated by respondents, subsequent to the filing of the habeas petition, the Parole Commission issued a corrective notice of action, which altered the time credits petitioner received on his sentence and advanced petitioner's release date by four months and twenty-four days.  As petitioner has neither named the appropriate respondent nor

---

[3] The BOP has a multi-tier Administrative Remedy Program to provide an outlet to federal prisoners for obtaining review of almost any aspect of his or her imprisonment. 28 C.F.R. §§ 541.10-541.19; see also Porte v. Allenwood, Civ. A. No. 04-1534, 2006 WL 47654, *3 (M.D. Pa. Jan. 9, 2006).  The program specifically indicates that an inmate must first present an issue of concern to staff, following which the inmate may submit a "formal written Administrative Remedy Request" to the Warden.  28 C.F.R. §§ 542.13(a), 542.14(a).  Thereafter, the inmate may pursue appeals to the Regional Director and finally to the General Counsel. Id. at §§ 542.15, 542.18.

In addition, pursuant to 28 C.F.R. § 2.26(a)(1), "[a] prisoner or parolee may submit to the National Appeals Board a written appeal of any decision to grant (other than a decision to grant parole on the date of parole eligibility), rescind, deny, or revoke parole . . ."

exhausted his administrative remedies, considerations of justice demand that the Court dismiss the petition without prejudice in lieu of transfer.  See Padilla, 542 U.S. at 451 (dismissing without prejudice a habeas petition filed in wrong district so that petitioner could re-file in correct court).

Accordingly, for the above reasons, the court makes the following:

### RECOMMENDATION

AND NOW, this *7th* day of *February*, 2006, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED WITHOUT PREJUDICE.  The petitioner shall have the right, upon exhaustion of administrative remedies, to timely re-file his petition in the United States District Court for the Middle District of Pennsylvania, naming the Warden of F.C.I. Minersville as the respondent.

/s/ Charles B. Smith
CHARLES B. SMITH
CHIEF UNITED STATES MAGISTRATE JUDGE