IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY TURNAGE, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | NO. 06-5021 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES ATTORNEY GENERAL, et al. | : | |
| | : | |
| Respondents. | : | |

**ORDER**

AND NOW, this 26th day of July, 2007, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Chief Magistrate Judge Charles B. Smith, and Petitioner's objections thereto, it is hereby ORDERED that:

1. The Report and Recommendation is ADOPTED IN PART, with respect to the recitation of the facts, the procedural history and the jurisdictional analysis;

2. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, is hereby ORDERED to be TRANSFERRED TO THE MIDDLE DISTRICT OF PENNSYLVANIA;

3. Petitioner may file an Amended Petition in the Middle District of Pennsylvania within 30 days of the date of this order, naming the Warden of F.C.I. Minersville as the respondent. If such an Amended Petition is not filed, the case shall be dismissed without prejudice.

While this court has the authority to transfer a petition incorrectly filed in this district to the appropriate district, the Report and Recommendation suggests that the interests of justice would not be served by transferring the action because Petitioner's claims have not been administratively exhausted. It is "ordinarily" a requirement in the Third Circuit that prisoners must exhaust their administrative remedies before bringing a petition for a writ of habeas corpus. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). There are exceptions to this requirement. Futility is one exception to this requirement. Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005) (noting that exhaustion of administrative remedies would be futile); Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996)("exhaustion may be excused where return to the state courts would be futile."), reh'g denied, No. 95-3484, 1996 U.S. App. LEXIS 29185 (3d Cir. Nov. 4, 1996); Landano v. Rafferty, 897 F.2d 661, 673 (3d Cir. 1990)(noting futility exception to exhaustion requirement), cert. denied, 498 U.S. 811 (1990), remanded to 751 F. Supp. 502 (D.N.J. 1990); see also Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006)(noting that "if a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.")(internal citations omitted); see generally Evans v. Willingham, 413 F.Supp.2d 155 (D.Conn. 2006); Pimental v. Alberto Gonzales, 367 F.Supp.2d 365 (E.D.N.Y. 2005).

In his objections to the Report and Recommendation, Petitioner alleges that administrative exhaustion of his claims would be futile. This court will not exercise any discretion it may have to excuse the requirement of administrative exhaustion, or to make any

finding as to the merit of Petitioner's futility argument, as it does not assert jurisdiction over the § 2241 petition. The transferee court will determine all aspects of any claims by petitioner.

BY THE COURT:

<u>     S/ James T. Giles     </u>
J.